SERGIO LEÓN LUGO, Petitioner and Appellee, *v.* PEOPLE OF PORTO RICO, Respondent and Appellant.

No. 3777.   Argued April 9, 1929.—Decided July 26, 1929.

*José E. Figueras,* for appellant.   *Agustín E. Font* and *F. Zapater,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court after a hearing on a writ of habeas corpus discharged the petitioner for the following reasons:

*First.* Because the judgment did not specify the offense.

*Second.* Because defendant was not present during the trial nor at the time sentence was pronounced.

*Third.* Because the summons was defective.

Defendant had been tried and convicted in a municipal court, and the second of the three grounds enumerated by the district judge was the sole basis of the petition.

The pertinent portion of the judgment in question reads as follows:

"The court, after finding defendant guilty of the above mentioned crime, pronounces judgment and condemns Sergio León Lugo to serve one month in jail with costs."

"The above-mentioned crime" referred to was the offense of carrying a weapon, as set forth in connection with the number and title of the cause on the same page and immediately preceding the judgment. The specific reference thereto in the judgment fairly identifies the offense of which defendant was convicted. The judgment can hardly be commended as a model, but it is not so defective as to justify the discharge of petitioner by habeas corpus.

Paragraph 4 of section 29 of the Code of Criminal Procedure, as amended in 1925, session laws, 764, reads in part as follows:

"The trial must be had and the decision rendered in the presence of the defendants; *Provided,* That the defendant may be excused from this requisite in those offenses which, by their nature do not imply mental perversity or moral depravity (*mala prohibita*) in said accused, when he is represented by counsel and the latter is present on both occasions."

When the case against León Lugo came on to be heard in the municipal court and the absent defendant was about to be called, two attorneys announced that they represented the defendant. These attorneys then expressly waived a

reading of the complaint and entered a plea of not guilty. They actively represented defendant throughout the trial, and at the close thereof argued and submitted the case. Thereupon judgment was pronounced. The municipal judge construed the conduct of counsel as an implied request that defendant, himself an attorney at law, should be excused from attendance at the trial and at the time of pronouncing sentence. In this we think the municipal judge was correct. From the evidence as a whole it is reasonably apparent that he would not have proceeded with the trial in the absence of the accused if, at the psychological moment, brother attorneys had not volunteered the information that they represented the defendant. Defendant's attorneys, by frustrating the effect to secure his personal attendance, waived his right to be present during the subsequent progress of the trial, and at the time of pronouncing judgment. A different question might arise in the event of an interval between the close of a trial and the pronouncement of sentence.

The summons is entitled *"The People of Porto Rico* v. *Sergio León Lugo."* It runs in the name of the People of Porto Rico to the accused and to witnesses (naming them with their addresses) and continues as follows:

"YOU ARE HEREBY SUMMONED to appear before this Municipal Court of the Municipal Judicial District of Ponce, Porto Rico, at the court building on Castillo Street, November 17th, 1928, at 9 a.m., as witness, defendant and wit. (*test*) in a criminal proceeding instituted by 'The People of Porto Rico against Sergio León Lugo', for carrying concealed weapons."

The original is not before us and the copy suggests a printed form carelessly filled in and without elimination of certain words which might have been stricken. The document is not so fatally defective as to mislead a defendant, who is also a practicing attorney, or to warrant his release from custody upon the theory that the trial court was without jurisdiction.

The judgment appealed from must be reversed.